Juan Luis Dammert et al., as Ancillary Executors, etc., Respondents, *v.* William Henry Osborn et al., Appellants; The Sociedad de Beneficiencia de Lima, Respondent.

In determining as to the validity of a foreign will, disposing of personalty, it is immaterial whether the testator was a citizen of the country where the will was executed or of this state; if the former was his domicile at the time of his death its laws will control.

The courts of this state may not annul a disposition of personal property in a foreign will, valid by the law of the testator's domicile, and distribute the property to claimants here, contrary to the terms of such disposition.

*It seems,* when our courts cannot give effect to such a testamentary disposition without violating our laws or public policy, the property should be remitted to the jurisdiction of the domicile.

It is not to be assumed because a fact appearing in the record or authority cited on argument in this court which is deemed important by counsel, is not noticed or commented on in the opinion that it has not been considered and due weight given to it in arriving at the decision, and the omission to notice it is not ground for a motion for re-argument.

(Argued January 15, 1894; decided January 23, 1894.)

This was a motion for a re-argument. For report of the case see 140 N. Y. 30.

The following is the opinion in full.

" The defendant, the *Sociedad de Beneficiencia de Lima,* moves for a re-argument in this case. It did not appeal from the judgment of the General Term to this court, and the decision below did not confer upon it any right or title to the fund which the will of José Sevilla has devoted to the founding of a charitable institution in New York. On the contrary, the Supreme Court refused distinctly to hold that this defendant had acquired any title or interest in the fund under the will, upon which alone its claim is based. As it made no appeal from that judgment it must be deemed to have acquiesced in the decision in so far as it was adverse to its claim. The only standing that it had in this court at the argument was not as an appellant, but as a respondent, to sustain the judgment below, which held that the bequest in the will was void here, and that the fund should be remitted to Peru, the principal seat of administration. It has admitted in its answer that by the law of Peru, the domicile of the testator, the provisions of the will are valid, and if so it is somewhat difficult to see what it has to gain by remitting the fund to that country or how it is interested in such a question. Assuming, however, that it had the right to insist in this court that the judgment below, though adverse to all of its substantial claims, should have been upheld, we are brought to the grounds upon which it asks for a re-argument of the appeal. The motion assumes that various facts appearing in the record and certain authorities upon the briefs have been overlooked. The only ground, apparently, for this assumption seems to be that they have not been specifically noticed or commented upon in the opinion. It would seem to be unnecessary to state, what every member of the bar must know, that to do that would impose upon the court an amount of useless labor, quite unreasonable to expect, and would swell opinions, which should only express the reasons of the court for its conclusions as concisely as possible, into essays on each subject involved in the appeal. It does not follow that because a fact or an authority, deemed important by counsel, has not been noticed or commented upon in the opinion, that it has not been considered and due weight given to it in arriving at the decision. In many cases facts incorporated in the record

and discussed at length by counsel are considered by us wholly unimportant, and authorities from which long quotations are made inapplicable.

" This motion will serve as a good illustration of this remark. The first ground mentioned is that we have overlooked the fact that the testator was a citizen of the United States and of this state. It was not overlooked, but we did not consider the fact as of the slightest importance, and do not now. Moreover, the learned counsel who makes the motion nowhere in his brief attempts to show how it is. It was conceded in the pleadings and on the argument that the testator was at the time of his death domiciled at Lima in Peru. The will was made and proved there, and from the beginning to the end of the argument it was conceded to be, what it certainly was, a Peruvian will. It was utterly immaterial, therefore, whether the testator was a citizen of this country or of Peru, or a subject of some other country. The domicile of the testator was the important fact, and there was no dispute about that, and is none now. Sometimes the domicile of a party becomes an important question of fact, and then the fact that he is a citizen of some other country or has a residence there bears upon the inquiry, but such facts have no significance whatever in a case where the domicile is fixed by the admission of the parties, as it has been in this case. The next ground for this motion assumes that we have omitted to notice that the statute incorporating the Sevilla Home contains the following provision : ' Nothing herein contained shall affect the rights of any parties to an action now pending, or any heir at law or residuary legatee of said José Sevilla, deceased.'

" It was not overlooked, but, on the contrary, we held that any right which had vested in the defendant or heirs, next of kin or legatees, could not be affected by the act. But it was not claimed that any such right had vested or could vest under the law governing the will, and the concession that the dispositions in favor of the Sevilla Home were valid, under that law, implied just the contrary. If these were valid, as thus admitted, how could the fund vest in other parties, except for the charitable purposes contained in the will ? The learned

counsel is certainly mistaken in supposing that this provision of the statute limited the parties to such rights only as they had before it was passed, or at the commencement of the action. If this were so then the legislation would have no practical effect whatever. It conferred additional power upon the trustees because it converted them into a corporate body with capacity to take and administer the gift. The corporation did not exist when the action was commenced and became a party after the statute was enacted, by supplemental process and pleading, and its rights and interests then related back to the will and to the time of the testator's death. This provision of the statute simply means that the interests, if any, which vested in heirs, next of kin or legatees upon the death of the testator, or subsequently, should not be affected, and as they had no interest under the law of the domicile the judgment does not contravene the statute.

" The other grounds stated in support of the motion are that we have overlooked certain authorities in support of the position that the rights of the defendant are to be determined by the law of this state. We think that none of the cases referred to hold that a valid disposition of property at the domicile of the owner may be declared void by the tribunals of another country, where the law is different, and the title adjudged to be in another. The contrary was held in the case of *Cross* v. *United States Trust Co.* (131 N. Y. 342). Had Mr. Sevilla died intestate this defendant could not take any part of his estate under the intestacy laws of this state, or those of Peru, so that it is in the attitude of insisting that this is a valid will, at least to prevent intestacy. But it also insists that by the will it was to take this fund in case certain conditions there mentioned existed. The courts below, however, have refused to find that any of these conditions did exist, or that the defendant is under any circumstances entitled to the fund, and by not appealing from that part of the judgment it has acquiesced in it, and elects to come to this court as a respondent in support of a decision that simply remits the fund to Peru, a result that does not help the defendant's contention unless it can procure a more favorable judgment under the laws of that country, which is not suggested. The fundamental error

that pervades all the reasoning of the learned counsel on this subject is to be found in the assumption that the courts of this state can annul a disposition of personal property in a foreign will, valid by the law of the domicile, and distribute the property to claimants here, contrary to the terms of such disposition, as interpreted by the law under which it was made. No controlling authority can be found in support of such a proposition. When our courts cannot give effect to testamentary dispositions of property in foreign wills without violating our laws or public policy, the property should be remitted to the jurisdiction of the domicile to the end that it may administer its own laws. But if there is no law or public policy here that forbids the execution of the purpose that the testator had in view, then our courts will give effect to the disposition according to the law under which it was made. We are still of the opinion that the legislature intended to and did remove all these objections, and so changed our laws and public policy, so far as they were ever in the way, with respect to this particular bequest, as to permit, if not require, our courts to give effect to the testator's purpose.

" The motion should be denied, with ten dollars costs."

*David Milliken, Jr.*, for motion.

*Wm. G. Choate* opposed.

O'BRIEN, J., reads for denial of motion.
All concur.
Motion denied.