[L. A. No. 13497. In Bank.—March 24, 1933.]

In the Matter of the Estate of JOHN R. REYNOLDS, Deceased. CLEMENT E. REYNOLDS, Respondent, v. MAUDE GERTRUDE JONES, Administratrix, etc., Appellant.

Ward & Ward for Respondent.

Clifford Coleman Pease for Appellant.

WASTE, C. J.—This is an appeal from an order admitting decedent's will to probate as a foreign will. On October 20, 1930, the decedent died testate in the county of San Diego, California, leaving estate therein. In August, 1931, his will was admitted to probate in Illinois. Thereafter a petition for probate of said will as a foreign will was filed in the Superior Court of San Diego County. The administratrix of the estate of the decedent's widow objected to the admission of the will as a foreign will. At the hearing upon the petition, and after the reception in evidence of exemplified copies of the proceedings of the Illinois court, said administratrix offered to prove that at the time of his death the decedent was, in fact, a resident of San Diego County. An objection to the proffered evidence was sustained and the will was admitted to probate as a foreign will. This appeal followed.

In support of her contention that it was error to reject evidence of decedent's residence, the appellant refers us to the *Estate of Clark*, 148 Cal. 108 [82 Pac. 760, 113 Am. St. Rep. 197, 7 Ann. Cas. 306, 1 L. R. A. (N. S.) 996], wherein it was held that ancillary proceedings could not be had upon the will of a resident of this state theretofore admitted to probate in a foreign jurisdiction. That case definitely held that the will of a resident of this state could only be admitted to probate upon an original application for letters. This conclusion turned upon a construction

of section 1322 of the Code of Civil Procedure, which then read: "All wills duly proved and allowed in any other of the United States, or in any foreign country or state, may be allowed and recorded in the superior court of any county in which the testator shall have left any estate." In the Clark case it was held that this language applied to foreign wills only and that, inasmuch as the decedent therein had died a resident of this state, his will could not be admitted to probate thereunder, but could only be admitted upon an original application.

The decision in the Clark case was by a divided court, three of the justices writing dissenting opinions favoring a construction of section 1322, *supra*, which would permit ancillary proceedings upon the will of a resident of this state theretofore admitted to probate in a foreign jurisdiction. Apparently in order to accomplish this result, and to overcome the effect of the majority opinion in the Clark case, *supra*, the legislature in 1911 amended section 1322, *supra*, by adding thereto a concluding clause reading as follows: "or shall have been a resident, at the time of his death". By this amendment the legislature expressly authorized ancillary proceedings upon the will of a resident of this state. This change in the law was recognized in the *Estate of Sankey*, 199 Cal. 391, 400 [249 Pac. 517], wherein the following appears: "Since the decision in the Clark case the legislature has enlarged the jurisdiction of our superior courts in ancillary probate proceedings. In 1911 the section was amended to provide that such foreign wills may be allowed and recorded in the superior court of any county 'in which the testator shall have left any estate, *or shall have been a resident* at the time of his death'. Apparently this amendment was intended to overcome the effect of the Clark decision, and now clearly authorizes the granting of ancillary probate even though the testator be, in fact, a resident of the county where the proceedings are instituted, at the time of his death."

█ The matter of ancillary proceedings upon foreign wills is now governed by sections 360 and 301 of the Probate Code, which, when read together, form the counterpart of the former section 1322, *supra*. Those sections provide:

"360. A will admitted to probate in any other state or country may be offered for probate in the superior court

having jurisdiction as determined by section 301 of this code.''

''301. Wills must be proved, and letters testamentary or of administration granted and administration of estates of decedents had, in the superior court: (1) Of the county of which the deceased was a resident at the time of his death, wherever he may have died; (2) Of the county in which the decedent died, leaving estate therein, he not being a resident of the state; (3) Of any county in which he leaves estate, the decedent not being a resident of the state at the time of his death, and having died out of the state . . . ''

While the quoted Probate Code sections differ in phraseology from both the original and the amended section 1322, it is our opinion that they more closely approximate the latter and should therefore be construed as authorizing ancillary proceedings on the will of a resident of this state. Section 360 declares that ''*A* will· admitted to probate in any other state or country may be offered for probate in the superior court having jurisdiction *as determined by section 301 of this code.*'' The words ''a will'', appearing in the section, are comprehensive and sufficiently broad to include the will of a *resident,* as well as a nonresident, of this state. Moreover, by the express language of section 360, the *three* subdivisions of section 301 are to be looked to in order to determine the county in which the ancillary proceedings are to be had on a will elsewhere admitted upon original application. Looking to these three subdivisions we find that such ancillary proceedings are to be had (1) in the county of decedent's residence, (2) in the county where he died leaving estate, and (3) in the county where he left estate. From this it necessarily follows that ancillary proceedings may be had on the will of a resident of this state. Any other construction would disregard and nullify the first subdivision of section 301, *supra,* in so far as wills originally admitted to probate elsewhere are concerned.

The fact that ancillary proceedings may be had on the will of a resident does not, in our opinion, preclude the introduction of evidence tending to show decedent's place of residence to be other than as determined in the foreign jurisdiction upon the original application for probate. Since the testator's domicile is the jurisdictional fact, and since the recognition which is given by other states to the law ·

of the testator's domicile is merely a rule of conflict of laws, the decision of one state, to the effect that a testator is domiciled there, is not binding on any other state, even under the full faith and credit clause of the federal Constitution; but other states in which a testator's property is situated may determine such question, each state for itself, without reference to the decree of the state which passed upon that question first in point of time. (*Tilt* v. *Kelsey,* 207 U. S. 43 [28 Sup. Ct. Rep. 1, 52 L. Ed. 95]; *Burbank* v. *Ernst,* 232 U. S. 162 [34 Sup. Ct. Rep. 299, 58 L. Ed. 551]; *In re Horton,* 217 N. Y. 363, 371 [111 N. E. 1066, Ann. Cas. 1918A, 611]; *Green* v. *Moore,* 206 Ky. 724 [268 S. W. 337]; *Delanoy* v. *Delanoy,* 216 Cal. 27 [13 Pac. (2d) 719]; 1 Page on Wills, 2d ed., p. 870, sec. 528.)

In an ancillary proceeding of the character here involved, evidence tending to show that the testator was a resident of a particular county of this state, and not of the foreign state or country wherein the will had been admitted to probate upon original application, would be admissible under sections 301 and 360, *supra,* to preliminarily fix the jurisdiction of the ancillary proceeding in such county. It so happens in the instant case, that the proffered evidence tends to establish the testator's residence to be in San Diego County, wherein the ancillary proceeding was in fact pending. Consequently, its rejection could not have worked any prejudice to the appellant in this particular.

However, this is not determinative of the present appeal. While, in respect to the disposition of real property or of the creation of an interest therein, the validity and effect of a will depend on the *lex rei sitae,* other problems, arising in the course of the administration of an estate, in many instances, and in the absence of positive law to the contrary, depend for their solution upon the law of the place of testator's domicile at the time of death. Examination of the authorities discloses that questions touching the validity and construction of the will, the testator's power to exclude certain persons from sharing in his estate, the time which must elapse between the execution of the will bequeathing personal property to charity and the testator's death, the capacity of a beneficiary to take a bequest of personalty, the validity of bequests of personalty in trust, and the testator's power to limit a legatee's right to alienate

personalty bequeathed to him, may turn upon the law of the place of testator's domicile at the time of death. Authorities dealing with these several problems are *Estate of Barton,* 196 Cal. 508, 572 [238 Pac. 681]; *Watkins* v. *Eaton,* 173 Fed. 133, 138–140; *Dammert* v. *Osborn,* 141 N. Y. 564 [35 N. E. 1088]; *Whitney* v. *Dodge,* 105 Cal. 192 [38 Pac. 636]; *Jacobs* v. *Whitney,* 205 Mass. 477 [91 N. E. 1009, 18 Ann. Cas. 576]; *Estate of Dwyer,* 159 Cal. 680 [115 Pac. 242]; *Estate of Lathrop,* 165 Cal. 243 [131 Pac. 752]; *Jones* v. *Habersham,* 107 U. S. 174 [2 Sup. Ct. Rep. 336, 27 L. Ed. 401]; *Lozier* v. *Lozier,* 99 Ohio St. 254 [124 N. E. 167]; *Hussey* v. *Sargent,* 116 Ky. 53 [75 S. W. 211]; *Cross* v. *United States Trust Co.,* 131 N. Y. 330 [30 N. E. 125, 27 Am. St. Rep. 597, 15 L. R. A. 606].

The fact that the solution of these and related problems may depend upon the law of the testator's domicile at the time of death, suggests additional reasons why evidence of domicile is admissible in ancillary proceedings. Though none of the designated problems is now presented in this proceeding, it appears necessary in order to protect appellant's rights to modify the order appealed from by striking therefrom the adjudication that decedent at the time of his death was a resident of and domiciled in the state of Illinois. This adjudication of residence, as already indicated, was grounded solely on the exemplified copy of the proceedings had in the Illinois court upon the original application for probate. Appellant's proffered evidence tending to show the decedent to have been a resident of this state was rejected and refused consideration in the determination of this issue. Inasmuch as the appellant's proffered evidence tended to show the decedent to have been a resident of San Diego County, wherein the ancillary proceeding is pending, and inasmuch as we have determined that ancillary proceedings may be had on the will of a resident, appellant's rights will be fully protected by the suggested modification of the order appealed from. The striking out of the adjudication of residence in the instant case will preclude the same from becoming final without the appellant having been heard thereon (*Estate of Barton,* 196 Cal. 508, 511, 512 [238 Pac. 681]), and will leave the issue of residence open to be determined, upon competent evidence, in the event any of the above or related problems arise in the future adminis-

tration of the decedent's estate under this ancillary proceeding. Such a course obviates the necessity for a reversal in this case.

The order appealed from is therefore modified by striking therefrom all reference to the residence or domicile of the decedent at the time of death. As so modified, the order is affirmed.

Shenk, J., Curtis, J., Preston, J., Langdon, J., and Seawell, J., concurred.

Rehearing denied.