[Civ. No. 12698.   Second Appellate District, Division Two.—December 31, 1940.]

In the Matter of the Estate of HENRY S. WINZELER, Deceased.   HOWARD   W.   WINZELER,   Appellant,   v.   S. CASTORINA, Respondent.

Burr & Smith for Appellant.

Michael F. Shannon, Thomas A. Wood and Chas. W. Wolfe for Respondent.

McCOMB, J.—This appeal, transferred from the Supreme Court to this court for decision pursuant to the provisions of article VI, section 4c of the Constitution of the State of California, is from a decree of the Superior Court granting the petition of respondent for the admission of decedent's will to probate as an original will, upon the ground that decedent was a resident of Los Angeles County at the time of his death, and also from the decree denying the petition of appellant for probate of decedent's will as a foreign will.

These are the sole questions necessary for us to determine:

*First: Was there substantial evidence to sustain the trial court's finding "that decedent [Henry S. Winzeler] was at the time of his death a resident of the county of Los Angeles, State of California"?*

*Second: Did the trial court err in making a finding as to the residence of decedent, Henry S. Winzeler, at the time of his death?*

The first question must be answered in the affirmative and is controlled by the following pertinent rules of law:

▌ (1) In reviewing the evidence on appeal from a *judgment on the ground that the evidence is insufficient to* sustain a finding of fact, all conflicts must be resolved in favor of the respondent and all legitimate and reasonable inferences indulged in support of the finding (*Raggio* v. *Mallory,* 10 Cal. (2d) 723, 725 [76 Pac. (2d) 660]).

▌ (2) When two or more inferences can be reasonably deduced from the facts, the appellate court is without power to substitute its deductions for those of the trial court (*Bellon* v. *Silver Gate Theatres, Inc.,* 4 Cal. (2d) 1, 14 [47 Pac. (2d) 462]).

▌ (3) Direct evidence of one witness who is entitled to full credit is sufficient to prove any fact except perjury or treason and is necessarily sufficient to create a substantial conflict in evidence regardless of inferences supporting testimony to the contrary (*Estate of Filippi,* 9 Cal. App. (2d) 407, 410 [49 Pac. (2d) 892]).

▌ (4) The power of the appellate court *begins* and *ends* with a determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the finding of fact (*Raggio* v. *Mallory, supra,* 725).

There was received in evidence an application of decedent dated February 18, 1937, to become a member of the Los Angeles Athletic Club, wherein appeared the following questions and answers thereto by decedent:

"Resided in Los Angeles district, how long? A visitor for ten years. In Southern California? Five years. Previous Residence? Bryan, Ohio."

There was also received in evidence a lease dated September 25, 1936, between the Pacific Mutual Life Insurance Company and Craftsman Studios, Inc., of which decedent was the sole stockholder, covering a lease on premises at 501 West Sixth Street in Los Angeles for a period of ten years beginning January 1, 1937, at a rental of $1500 per month. On the property covered by the lease just mentioned decedent opened a store and operated the same, having at one time an inventory stock of approximately $60,000 in value.

Decedent swore to an affidavit of merits in connection with a motion for a change of venue, wherein he made the following statement:

"Affiant further says that he was, at the time of the commencement of the above-entitled action and ever since has been and is now, a resident of the City of Laguna Beach, County of Orange, State of California."

In addition there was received in evidence (1) a transfer of a motor vehicle owned by the deceased in April, 1935, transferring the registration of the automobile from the State of Ohio to a resident registration in the State of California, and (2) subsequent registrations, in the State of California of automobiles purchased later by decedent, wherein decedent appeared as a resident of California.

Also there was received in evidence a lease between the Biltmore Hotel, Los Angeles, and decedent and appellant commencing on November 15, 1938, with a rental of $300 per month.

Appellant's contention that decedent frequently referred to Bryan, Ohio, as his "home" is not controlling. Most of the residents of California, certainly of Southern California, other than native sons or those who were brought to the state prior to the age when they were able to receive and retain impressions refer to some other section of the United States or some other country as their "home" or "old home".

It is a matter of common knowledge that such expressions are indicative of nothing but that the speaker is referring to the place of his origin and does not mean the place which he considers his present domicile and residence.

The foregoing evidence and reasonable inferences which may be drawn therefrom, coupled with the fact that decedent had spent most of his time in Southern California for ten years preceding his death and had engaged in business in the city of Laguna Beach, California, and in Los Angeles, California, substantially support the trial court's finding that decedent was a resident of Los Angeles County at the time of his death. Under the rules of law above stated, the power of this court to inquire further into the evidence is ended. The fact that decedent owned a large interest in a going business in Bryan, Ohio, paid the expenses on the home in which he formerly lived, which was occupied by his daughter and son-in-law and where he stayed when visiting in the city of Bryan, raised at the most a conflict in the evidence of which the trial court's determination binds us.

The second question must be answered in the negative. Respondent's petition for the probate of decedent's

will alleged that decedent was a resident of Los Angeles County at the time of his death. This appellant denied. In the petition filed by appellant for the probate of decedent's will he alleged that decedent was a resident of Ohio at the time of his death. This was denied by respondent. It thus appears that the material fact in dispute in both petitions was the question as to the place of decedent's residence at the time of his death. If appellant's contention was true, the will should have been admitted as a foreign will. If respondent's contention was true, the will should have been admitted to probate as an original will. Therefore, the trial court properly made a finding on the material issue in dispute as to the residence of decedent at the time of his death.

*Estate of Reynolds,* 217 Cal. 557 [20 Pac. (2d) 323], is not in point, for the reason that in the Estate of Reynolds, there was only a petition for the probate of a foreign will and, though the court sustained an objection to evidence offered to show that decedent was a resident of California at the time of his death and the order from which an appeal was taken was affirmed, our Supreme Court held that the sustaining of the objection was erroneous (see p. 560 [2], *Estate of Reynolds, supra*), but, in view of the fact that there had been no petition filed seeking to have the will admitted to probate in California as an original will, the error in sustaining the objection to the proffered evidence could be cured by striking the finding as to the place of residence of decedent at the time of his death and leaving the matter for future determination in an appropriate proceeding, should occasion arise (see p. 562, *Estate of Reynolds, supra*).

The conclusions which we have reached render it unnecessary for us to consider the other arguments presented by appellant.

For the foregoing reasons the orders are and each is affirmed.

Moore, P. J., and Wood, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied on February 27, 1941.