Reed, &c. v. Louisville Bridge Company.

CASE 15—PETITION—JUNE 22.

# Reed, &c. v. Louisville Bridge Company.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. The Jefferson Court of Common Pleas has jurisdiction, under the 2d section of "an act to incorporate the Louisville Bridge Company" (Session Acts, 1855–6, page 426), of a proceeding to condemn by writ of *ad quod damnum* "as much real estate *as may be necessary* for the site of said bridge, or the sites for the piers, abutments, toll-houses, and suitable avenues leading to the same, and such other land *as may be necessary.*"

2. *The Louisville Bridge Company* under said act had the right to acquire title by condemnation of such land "as may be necessary," etc.

3. *This necessity must exist as a condition precedent.* It must be ascertained by a competent tribunal, before which the parties whose lands are sought to be taken, as well as the company, can be heard.

4. The jury empaneled to ascertain the value of the real estate in the petition mentioned assessed the value of the lands, and also "adjudged that the same was necessary for the purposes of the company." *Held*, that if the jury heard any evidence on any other question than the value of the land their action was extra-judicial; and their finding that the lands taken were necessary to the company, not being responsive to the writ, was entitled to no consideration by the court.

5. HOW THIS NECESSITY MAY BE ASCERTAINED.—It will be proper for the court to hear such evidence as may be offered, and ascertain what portions, if any, of the lands sought to be condemned are necessary for the legitimate purposes of the company, and then award a writ of *ad quod damnum* to assess the value of such portion thereof as it may order to be taken.

6. GUARDIAN *ad litem* MAY PROSECUTE AN APPEAL.—In this case land of infants was condemned, and the statutory guardian accepted and receipted for the assessed value thereof; but the guardian *ad litem* in their names appealed, and the judgment of condemnation is reversed.

Reed, &c. v. Louisville Bridge Company.

J. F. BULLITT, . . . . . . . . . . For Appellants,

CITED

Act of 1856, incorporating Louisville Bridge Co., Sess. Acts, 427.
Revised Statutes, article 8, chapter 27.
Myers's Supplement, Act of 1865, page 561.
Fitzherbert's *Natura Brevium*, 493–503.
Cooley's Constitutional Limitations, 528, 538.
3 Blackstone's Commentaries, 272–5.
6 Jacobs's Law Dictionary, 458.
1 Nott & McCord, 387, Stark v. McGowan.
5 Rich. L. R. 598, McLaughlin v. Railroad Company.
4 McCord's L. R. 541, Patrick v. Commissioners.
17 B. Monroe, 177, Henderson & Nashville R. R. Co. v. Dickerson.
4 Railway Cases, 235, Gray v. Liverpool & Railway Company.
2 B. & Ad. —, Stourbridge Canal Company v. Wheely.
1 Myl. & K. 162, Blakemore v. The G. Canal Company
4 Railway Cases, 513, Coleman v. The Eastern County Railway Co.
11 Peters, 420, Charles River Bridge v. Warren Bridge.
8 Peters, 738.                3 Metcalfe, 197.
1 Redfield on Railways, 234–5.
9 Rich. L. R. 228, Railroad Company v. Blake.

BULLOCK & ANDERSON, . . . . . . . For Appellee,

CITED

Smith on Constitutional and Statutory Law, 446.
Fitzherbert's *Natura Brevium*, —.
Tomlin's Law Dictionary, 44.
Constitution of Kentucky, section 15, article 4.
Revised Statutes, section 1, article 8, chapter 27, 1 Stanton, 310.
Myers's Supplement, page 561.
1 Baldwin's Ch'y Court Rep. 221, Bonaparte v. Amboy R. R. Co.
7 Greenleaf, 273, Cooper v. Williams.
3 Watts, 294, McMaster v. Commonwealth.
1 Dana, 232, O'Hara v. Lexington Railroad Company.
7 Massachusetts, 395, Perry v. Wilson.
3 Yerger, 4, Hardin v. Goodlet.
1 Duvall, 372, Arnold v. Covington & Cincinnati Bridge Co.
3 Paige, 73, Beekman v. Saratoga & Sch. Railroad Company.
4 Pickering, 463, Commonwealth v. Breed.
23 Pickering, 360, Boston Water Pr. Co. v. Boston & Wor. R. R. Co.
11 New Hampshire, 19, Backus v. Lebanon.
1 Coke on Littleton, page 362, note 6.
4 Howard, 240, Thompson v. The Grand Gulf R. & B. Co.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

By the second section of "an act to incorporate the Louisville Bridge Company" (2 Session Acts, 1855–1856, p. 426) it is provided "that said company be and they are hereby invested" with the right "to purchase or condemn by writ of *ad quod damnum* and hold as much real estate as *may be necessary* for the site of said bridge, or the sites for the piers, abutments, toll-houses, and suitable avenues leading to the same, and such other lands as may be necessary."

Pursuant to this delegated authority the company filed a petition in the Jefferson Court of Common Pleas against the appellants and others, alleging that they were jointly seized in fee of certain lots of land situate in the city of Louisville, giving the specific boundaries thereof, and representing that all of said lands were necessary to the company for the " erection of toll-houses, depots, and the opening of avenues to said bridge, and the advantage and convenience of the public."

The parties having been properly brought before the court, a guardian *ad litem* was appointed for those appellants who were infants. By the answer of said guardian all the material allegations of the petition were controverted. The adult defendants consented in open court that the prayer of the petition should be granted; and afterward, upon motion of the appellee, and without a trial of the issues made up by the pleadings, an order was made awarding a writ of *ad quod damnum*, directing the sheriff to "summon and empanel a jury of twelve impartial freeholders and housekeepers to meet on the land in the petition mentioned,   .   .   and find the value of said land," and make due return of said writ.

In pursuance of this order a writ was sued out, a jury empaneled, and an inquest returned. By their verdict the jury assessed the value of the land at the sum of $27,984, and adjudged that the same was necessary and requisite for the purposes of the company.

Upon the return of the inquest a judgment was rendered apportioning the assessed value of the property taken among the joint owners, and adjudging that upon the payment of said amount by the company it should become vested with the title and ownership of the lands condemned.

The statutory guardian for these appellants accepted and receipted to the company for the amounts to which her wards were entitled under said judgment; but their guardian *ad litem*, in their names and on their behalf, has prosecuted an appeal to this court, and asks a reversal of the action of the court below upon three separate and distinct grounds, viz.:

1. That the Jefferson Court of Common Pleas had no jurisdiction of the proceeding.

2. That the charter does not authorize the bridge company to condemn lands for depot purposes.

3. That there is no proof in the record showing that the lands taken were necessary for the legitimate purposes and business of said company.

Without elaborating our reasons therefor we are of opinion that the proceeding was instituted in the proper court, and that the objection to its jurisdiction can not be sustained.

The third section of the act of incorporation gives to the company the right to extend a railroad over their bridge, with as many sets of tracks as may be deemed expedient. The right to have and operate a railroad necessarily implies the right to keep the necessary depots for the transaction of the business of such road, and such lands as may be necessary for the erection of the depot-houses can be acquired by condemnation, under the provisions of the second section of said act. But it is clear to us from the language of the grant that the company has the legal right to acquire title by condemnation to no lands except such as are "necessary" for the erection of their bridge, the construction of their railroad, and the transaction of such business as legitimately grows out of

these two improvements, and for such suitable avenues as are designated in their charter. This necessity must exist as a condition precedent to their legal right to resort to the remedy given them to be enforced by the writ of *ad quod damnum*. Of the existence of this necessity the company is not to be the judge. It must be ascertained by a competent tribunal, before which the parties whose lands are sought to be taken, as well as the company, can be heard.

There is no evidence in this record tending to establish that any such necessity existed as to the lands taken from these appellants.

The court heard no evidence prior to awarding the writ of *ad quod damnum*, nor did it authorize the jury to be empaneled under said writ to make inquiry touching this question. No duty was imposed upon the jury except to ascertain the value of the real estate mentioned in the petition of the appellees. If they heard evidence upon any other question, their action was extra-judicial, and their finding that the lands taken were necessary to the company, not being responsive to the writ, was entitled to no consideration by the court.

There being no evidence in the record tending to show that the lands taken were necessary for the purposes of the company, the judgment of the court vesting said company with title to the same was erroneous, and must be reversed as to the appellants, Anna Kate, Eliza T., and J. Duff Reed. Upon the return of the cause it will be proper for the court to hear such evidence as may be offered, and ascertain what portions, if any, of the lands of the said appellants are necessary for the legitimate purposes of the company, and then award a writ of *ad quod damnum* to assess the value of such portion thereof as it may order to be taken, and to take such other steps as are necessary and proper for the protection of the interests of all the parties concerned.