CASE 34—PROCEEDING TO PROBATE THE WILL OF BRIDGET KELLEY, DECEASED.—MAY 24.

## Staggenborg v. Bailey.

APPEAL FROM CAMPBELL CIRCUIT COURT—A. S. BERRY, CIRCUIT JUDGE.

FROM AN ORDER FIXING THE COMPENSATION OF THE GUARDIAN AD LITEM, ANNA STAGGENBORG APPEALS. REVERSED.

INFANTS—ACTIONS—GUARDIANS AD LITEM—DUTIES—TERMINATION—COMPENSATION—ALLOWANCE—BY WHAT COURT—MEASURES.

1. The duties of a guardian *ad litem* do not terminate with the rendition of a judgment in the trial court, but he may, when he thinks it to be to the interest of the infant defendants, take an appeal from such judgment, and his duties continue until the final termination of the cause, unless he is removed by the court, or the guardianship is terminated by the arriving of the infant at the age of majority.

2. A suit in which an appeal has been taken to the Court of Appeals, where the judgment is affirmed, is not terminated until the mandate of affirmance is filed in the circuit court.

3. The allowance to a guardian *ad litem* for the services rendered by him in the entire case must be made by the court wherein he was appointed.

4. Under Civ. Code, sec. 38, subsec. 4, providing that the court shall allow a guardian *ad litem* a reasonable fee for his services, the lower court, on the filing of a mandate of affirmance from the

Staggenborg v. Bailey.

Court of Appeals, has jurisdiction to entertain a motion for an additional allowance to the guardian *ad litem* for services rendered in the Court of Appeals.

5. Under Civ. Code, sec. 38, subsec. 4, authorizing the court to allow a guardian *ad litem* a reasonable fee for his services, the amount of which the court is to decide without reference to the opinions of the parties or other witnesses, the court should consider, in determining the amount of the guardian's compensation, the character of the litigation, the amount involved, the labor performed, and the results achieved by the guardian.

PHIL. J. RYAN, THOS. L. MICHIE, GEORGE WASHINGTON, ATTORNEYS FOR APPELLANT.

1. Appellant claims that this court having affirmed the judgment of the Campbell circuit court refusing to probate a paper purporting to be the will of Bridget Kelley, deceased, that court had no jurisdiction to make any order in conflict with the mandate of this court. After the filing of the mandate of this court affirming the judgment of the Campbell circuit court in the suit to set aside the will, that cause was absolutely ended, and the Campbell circuit court was bound in every respect by the mandate of this court, and had no right to make any further order of any kind in that cause.

2. Even assuming that the court had jurisdiction to entertain the motion after the mandate was filed, it had no right to do so without notice to appellant. The appellant having no notice of the motion and no opportunity to be heard, the order allowing fees to the guardian *ad litem* would be depriving the infant of her property without due process of law.

3. Appellant claims that there was no foundation for the order allowing fees and expenses to the appellee and ordering that they be paid as costs against the appellant.

PROPOSITIONS AND CITATIONS.

1. Mandate imperative on court below.  McLain v. Nixon, 18 B. M., 768; Kennedy v. Meredith, 4 Mon., 411; Brown v. Crow, 1 Hardin, 443.

2. Allowance improper after mandate filed.  Williamson v. Williamson, 1 Met., 303; Garrison v. Singleton, 5 Dana, 160; Ely v. Horne, 5 Dana, 398; McGregor v. Buell 33 How Prac. (N. Y.), 450; Morse v. Hannibal R. Co., 72 Mo., 585; Leeman v. Wheeler, 66 Texas, 154; *In re* Carrol, 53 Wis., 228; People v. Buffalo, 29 N. Y. Sup., 1071; Gaines v. Caldwell, 148 U. S., 228.

Staggenborg v. Bailey.

3. In no event, had court power to make allowance after mandate, without notice to party affected. Matter of Budlong, 100 N. Y., 205.

4. As to allowances to guardian *ad litem* out of estate. Matter of Budlong (*supra*), 100 N. Y., 205; Gott v. Cook, 7 Paige Ch. (N. Y.), 547; House v. Whitis, 64 Tenn., 690.

And in this connection, see Taylor v. Minor, 90 Ky., 544.

L. J. CRAWFORD, ATTORNEY FOR APPELLEE.

1. The reasonableness of the amount allowed to the guardian *ad litem* does not seem to be here in question. It was admitted in the court below that it was not excessive, but it is contended that the circuit court was without authority to make any allowance, particularly for services rendered in the Court of Appeals.

2. An allowance to a guardian *ad litem* may be and usually is made without evidence and even without notice. In this case a written motion was filed, and appellant was notified in the manner provided by the rules of the court that the guardian *ad litem* would move for leave to introduce testimony to prove the services rendered by him.

3. The order recites, "came Alice Staggenborg, &c., by S. C. Bailey, guardian, *ad litem*, and moved to file mandate of Court of Appeals, and the same is noted of record. Came the guardian, *ad litem* and moved for an allowance for his services and expenses and to hear proof of services the court having heard the evidence this cause is submitted. Robinson v. Fidelity Trust & Safety Vault Co., 11 Ky. Law Rep., 313; Williams v. Williams, 24 R., 1753; Am. & Eng. Ency., vol. 15, p. 14; E. P. & P., vol. 10, p. 683; Huhlein v. Huhlein, 87 Ky., 255; Williamson v. Williamson, 1 Met., 303, Civil Code, sec. 38, subsec. 4.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

By the will of Bridget Kelley, a widow, a small estate was devised in trust for the benefit of her only child, Anna Staggenborg, during her life, with remainder over to her three infant granddaughters, children of Anna Staggenborg. The will was probated by order of the Campbell county court. Anna Staggenborg prosecuted an appeal therefrom to the Campbell circuit court. Upon her motion, S. C. Bailey, an attorney, was appointed guardian *ad litem* for the infant

defendants, in the absence of a statutory guardian. A trial before a jury resulted in a judgment invalidating the will. S. C. Bailey, as guardian *ad litem*, at the termination of the trial in the circuit court was allowed on his motion $50 for his services to be taxed as cost, and prosecuted an appeal as guardian *ad litem* from the judgment of the circuit court to this court in behalf of the infant defendants, which resulted in an affirmance of the judgment. Staggenborg, etc., v. Staggenborg, 77 S. W., 173, 25 Ky. Law Rep., 1073. He subsequently filed the mandate of affirmance in the lower court, and moved for an additional allowance for his services and expenses as guardian *ad litem*. Over the objection of Anna Staggenborg, he was allowed an additional fee of $300, the cost of the transcript of the record and the necessary cost incurred by him in the Court of Appeals, and a judgment was entered directing the payment to him of these various sums, and that they should be taxed as cost and paid by plaintiff, who has appealed to this court. She asks a reversal on the ground that the circuit court had no jurisdiction to make the order for the additional allowance to the appellee after the affirmance of the judgment of the lower court by this court.

The duties of a guardian *ad litem* do not terminate with the rendition of a judgment in the trial court, but he may, when he thinks it to be to the interest of the infant defendants, take an appeal therefrom, and his duties continue until the final determination of the cause, unless removed by the court, or terminated by the arrival of the infant at the age of majority. See 15 Am. & Eng. Ency. of Law, 15; Reed, etc., v. Louisville Bridge Co,. 71 Ky. 69; Hussey v. Sargent, etc., 116 Ky., 53, 75 S. W., 211, 25 Ky. Law Rep., 315. And there was no final determination of the litigation until the mandate of affirmance from this court was filed in the circuit court. In many States of the Union the allowance to a guar-

dian *ad litem* is made by the court wherein the services were rendered. But in this State it has been expressly decided that the allowance to a guardian *ad litem* for the services render- ed by him in the entire case must be made by the court wherein he was appointed. See Robinson v. Fidelity Trust & Safety Vault Co., 11 S. W., 806, 11 Ky. Law Rep., 313, and Williams v. Williams, 72 S. W., 271, 24 Ky. Law Rep., 1753. Subsection 4 of section 38 of the Civil Code provides that: "The court shall allow to the guardian *ad litem* a reasonable fee for his services, to be paid by the plaintiff, and taxed as cost. The affidavit of such guardian or other person, or other competent evidence, is admissible to prove the services ren- dered, but not to prove their value. The court must decide concerning such value, without reference to the opinions of the parties or other witnesses." We are of the opinion that the lower court, upon the filing of the mandate of affirmance, had jurisdiction to entertain a motion for an additional al- lowance to the guardian *ad litem* for services rendered in this court. In making such allowance the court should have in view the character of the litigation, the amount involved, the labor performed, and the results achieved by the guardian *ad litem*. It seems to us that the services of the guardian *ad litem* in the lower court were certainly as onerous and valu- able as those performed by him in this court, and for these services he was allowed $50. His services in this court con- sisted in the main of preparing and filing a short brief, and the appeal resulted in the same judgment as that entered in the trial court, and after a careful examination of the record upon the prior appeal we conclude that the appellee should have been allowed for his services in this court $50 and his cost and necessary expenses incident to the appeal in addi- tion to the $50 which had been previously allowed him for

services in the circuit court, and the judgment is therefore reversed, and cause remanded for a judgment in conformity with this opinion.