# American Mach. Co. v. Page, Gdn., et al.

(Decided May 10, 1912.)

## Appeal from Jefferson Circuit Court
## (Chancery Branch, First Division.)

1. **Attorney for Non-resident—Guardian Ad Litem—Criterion in Fixing Fee.**—In fixing the compensation of an attorney for a non-resident, or guardian ad litem, for services rendered, the circuit court should only allow a reasonable fee; and, in determining the amount, have in view the character of the litigation, the amount involved, the labor performed and the results achieved by him.

2. **Same—Court Shall Determine the Fee Without Reference to Opinion of Parties or Witnesses.**—The affidavit of appellee and another attorney, though admissable to prove the services rendered by the former attorney for the non-resident, and guardian ad litem for infant defendants, could not be considered by the court in determining the value of the services; that being a matter sub-section 4, section 38 Civil Code, requires the court to decide, "without reference to the opinions of the parties or other witnesses."

3. **Same—Fee Allowed Excessive.**—While the services rendered by appellee both in his capacity as attorney for the non-residents and as guardian ad litem for the infants, were only such as would have been required of him in either capacity, as they were more than perfunctory he was entitled to receive more than the customary fee; but $500.00, the amount allowed him, is excessive. The fee should have been only $200.00; that is, $100.00 for his services in the circuit court, and $100.00 for his services in the Court of Appeals.

M. A., D. A. and J. G. SACHS for appellants.

ROBERT L. PAGE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This is an appeal from a judgment which made appellee an allowance for services rendered by him as guardian ad litem and attorney for non-residents in the action of American Machine Company vs. John P. Naville, etc. The claim presented by appellee was $750.00, but the circuit court allowed him only $500.00, to which appellant excepted.

In the action mentioned the defendants were the German Insurance Bank, John P. Naville, his wife Anna Maria Naville, and their eleven children, all of whom were non-residents and five of the children infants. By

an order of the court appellee was appointed attorney
for the non-resident and guardian ad litem for the five
infant defendants.

The action was brought to obtain a construction of
the will of Phillip Seiler, deceased, which devised to his
daughter, Anna Maria Naville, wife of John P. Naville
and mother of the other defendants, a lot 78 feet by 204
feet situated on Main Street, near Jackson Street, in the
City of Louisville, Kentucky. This lot was sold and con-
veyed by Mrs. Naville and her husband to the American
Machine Co., which owned a lot adjoining it. The con-
sideration expressed in the deed was $3,700.00; $300.00
of which was paid in cash and for the remainder of $3,-
400.00 the grantee gave its promissory note, secured
by a vendor's lien. After its purchase of the lot, in
question, the American Machine Co., desiring to erect
on that and its adjoining lot a large building for its
business, borrowed of the German Insurance Bank, $50,-
000.00 for that purpose, which was secured by a mort-
gage upon both lots. After the execution of the mort-
gage, the American Machine Company became appre-
hensive as to the sufficiency of the title acquired by it to
the lot under the deed from Mrs. Naville, and refused to
pay her the note it had executed for a part of the pur-
chase money, until it could be determined by a judgment
of the circuit court whether the will of Phillip Seiler de-
vised her a fee simple title or simply a life estate there-
in. The prayer of the petition asked for a construc-
tion of the will, and that the American Machine Com-
pany be declared the owner in fee of the lot. Mrs. Na-
ville by separate answer and counter-claim alleged that
the will of her father devised her the fee simple title to
the lot, which, she in turn, conveyed to the American
Machine Company; she asked judgment for the amount
of the note, with interest, and the enforcement of her
vendor's lien. It was also disclosed by her answer, and
not denied by the American Machine Company that such
of her children as had reached their majority had by
quit claim deed conveyed to the American Machine Com-
pany whatever interest they had in the lot. The Ger-
man Insurance Bank, by its answer, alleged that Mrs.
Naville owned the fee in the lot at the time of its sale
and conveyance by her to the American Machine Com-
pany and asked that its mortgage be adjudged a lien

upon the lot subject to the vendor's lien for the unpaid purchase money. Appellee as attorney for the non-residents and guardian ad litem for the five infant defendants, filed a demurrer to the answer and counterclaim of Mrs. Naville and also to the reply of appellant to her answer and counterclaim.  The demurrer to the answer and counterclaim of Mrs. Naville was sustained and that filed to the reply of appellant thereto was  overruled. Thereupon Mrs. Naville filed an amended answer and counterclaim and appellee having insisted upon his demurrer to the answer and counterclaim as amended, the same was overruled, to which ruling, as well as that of the court in overruling his demurrer to appellant's reply to Mrs. Naville's answer and counterclaim, appellee excepted and refused to plead further.  Before the court passed upon the demurrers appellee took, in behalf of the non-resident and infant defendants, the deposition of Mrs Naville; and  the American  Machine Company took, in its behalf, the depositions of two witnesses.   Following the ruling upon the demurrers, the case was submitted upon its merits and the court, by the judgment rendered, held that the will of Phillip Seiler invested Anna Maria Naville with a fee simple title to the lot in question, and, that by the deed of herself and husband to the appellant the American Machine Company, it acquired a like title thereto. No judgment was rendered in favor of Mrs. Naville for the enforcement of her vendor's lien as the note was paid by the appellant upon ascertaining the court's construction of the will.  Appellee excepted to the judgment and prosecuted an appeal therefrom to this court, which affirmed the judgment of the circuit court, the opinion being reported in 145 Ky., page 344.

Upon the return of the case to the circuit court the judgment making appellee an allowance for his services as attorney for the non-resident and guardian ad litem for the infant defendants, was rendered.

The history of the case in which appellee's services as attorney for the non-residents and guardian ad litem for the infant defendants were rendered, and for which the allowance of $500.00 complained of was made, has been set out above, in order that the opinion may indicate the character and value of the services.

Section 38 of the Civil Code provides when a guar-

dian ad litem may be appointed. Subsection 2 prescribes how he may be appointed and his qualifications; and subsection 3 defines his duties. Subsection 4 provides:

"The court shall allow to the guardian ad litem a reasonable fee for his services to be paid by the plaintiff and taxed in the costs. The affidavit of such guardian, or of another, or other competent evidence, is admissible to prove the services rendered, but not to prove their value. The court must decide concerning such value without reference to the parties or other witnesses."

Section 59, and its several subsections, provide for the appointment of an attorney for the non-resident, and define his duties, etc. Subsection 6 directs that compensation for his services shall be allowed as provided by sub-section 4 of section 38, which, as we have seen, relates to compensation to guardians ad litem. In addition to the Civil Code provisions, section 1742, Kentucky Statutes, declares:

"An attorney, appointed upon the application of the plaintiff to defend for an infant, person of unsound mind or prisoner, and an attorney appointed upon application of the plaintiff to correspond with a non-resident defendant, shall be allowed by the court a reasonable fee for his services, to be paid by the plaintiff and taxed in the costs; but if no services be rendered other than the filing of a report or answer, the fee shall be $5.00."

It is apparent from the record that the appellee rendered more than the perfunctory service usually performed by an attorney for a non-resident or guardian ad litem; he should, therefore, have been allowed for such services more than the average fee; but in compensating him the circuit court should have observed the restrictions, contained in the provisions of the code and statutes, supra, confining it to a reasonable fee; and the only question presented for our decision on this appeal is, was the compensation allowed him by the judgment of that court reasonable? In making the allowance to appellee the court should have had in view the character of the litigation, the amount involved, the labor performed and the results achieved by him. The character of the litigation is sufficiently explained by the history of the case given in this opinion. It was, in so far as

the adult litigants were concerned, in the nature of a friendly suit brought for the purpose of ascertaining whether the deed from Mrs. Naville and her husband to the appellant, the American Machine Company vested in it a fee simple title to the lot conveyed, or simply a life estate therein. The decision of this question depended upon the meaning of the devise in Phillip Seiler's will, under which Mrs. Naville took the lot. The only question, therefore, in the case was as to the proper construction of the will. Other questions raised by the pleadings were merely incidental, the decision of which was made unnecessary by the conclusion of the circuit court, and this court, that the devise in the will of Phillip Seiler vested in Mrs. Naville a fee simple title to the property. Had the decision been that Mrs. Naville took only a life estate therein, it would have been necessary for the judgment of the court to have contained some provision for the protection of the rights of the infant defendants as remaindermen.

The question of construction was sufficiently raised by the demurrers filed by the appellee. The amount involved, in so far as the infant defendants were or could have been concerned, had their contention that the mother's interest in the lot was only a life estate, been sustained, was the value of the lot, subject to the mother's life estate, and it was conceded that its value at the time of its sale by Mrs. Naville to the appellant, American Machine Company, did not exceed $3,700.00, the consideration expressed in the deed.

While the labor performed by appellee throughout the litigation was, as we have already said, more than perfunctory, some of it was unnecessary. For instance, the depositions taken in the case threw no light upon the construction of the will. We do not mean to say, however, that the labor performed by appellee in the matter of the taking of the depositions should not be considered in determining the value of his services, as the work was done by him in good faith and, in the belief, that it would be beneficial to the infants. The principal labor performed by him was in investigating the law with reference to the construction of the will; in arguing the case in the circuit court and in arguing and briefing it in the Court of Appeals. It does not appear that appellee filed in the court below a report or answer as attorney for the non-resident defendants or

as guardian ad litem for the infants. But, doubtless, this was because the demurrers filed by him sufficiently raised every question involving the rights of those whom he represented; and it is apparent that the services rendered by him, both in his capacity as attorney for the non-residents and as guardian ad litem for the infants, were only such as would have been required of him in either capacity.

There is no ground for the contention that appellee did not act in good faith in prosecuting the appeal from the judgment of the circuit court. Counsel for the American Machine Company were themselves in doubt as to the meaning of that clause of Philip Seiler's will which devised Mrs. Naville the lot she conveyed to the appellant; and it is not strange that appellee should have entertained the same doubt, or, being dissatisfied with the construction given the will by the circuit court, that he should have thought it necessary for the protection of the non-residents and the infants to obtain this court's construction of the same.

In Stackenborg vs. Bailey, 118 Ky. 301, we held that the duties of the guardian ad litem did not necessarily terminate with the rendition of the judgment in the circuit court, but that he may, when he thinks it to be to the interest of the infant defendant, take an appeal from such judgment; and that his duties continue until the final determination of the case, unless he is removed by the court or the guardianship is terminated by the infant's reaching his majority. (15 Am. & Eng. Enc. 15; Reed, et al vs. Louisville Bridge Co., 71 Ky. 69; Hussey vs. Sargent, &c., 116 Ky., 53.)

It was also held in that case and in the cases of Robinson v. Fidelity Trust & Safety Vault Co., 11 R. 313; Williams vs. Williams, 24 R. 1753, that an allowance to the guardian ad litem for the services rendered by him in the entire case must be made by the court wherein he was appointed.

It is true appellee's services cannot be considered to have resulted in any pecuniary benefit to either the non-residents or the infants whom he represented, but, while that fact is to be considered in determining the value of his services, it affords no reason for rejecting, altogether, his claim to compensation. The affidavit of appellee, and that of another member of the Louisville Bar, introduced in evidence, while admissible to prove

the services rendered by appellee, presented no facts that were not otherwise shown by the record on the former appeal; and they could not be considered by the circuit court in determining the value of his services; that being a matter that subsection 4, section 38 of the civil code, requires the court to decide "without reference to the opinions of the parties or other witnesses."

Courts should be just rather than generous in allowing compensation for such services as were rendered by appellee, keeping in mind the fact that such allowances must be paid by some or all of the parties to the action, and that the expense of litigation is always burdensome.

Our consideration of the record before us convinces us that the sum allowed appellee by the circuit court for his services is excessive.

In our opinion, as attorney for the non-resident and guardian ad litem for the infant defendants, $100.00 for his services in the circuit court, and $100.00 for his services in the Court of Appeals, would have been a reasonable compensation.

Wherefore, the judgment is reversed and cause remanded, with direction to the circuit court to reduce the allowance made appellee from $500.00 to $200.00.