## Pope v. Lyttle, et al.

(Decided March 3, 1914.)

## Appeal from Whitley Circuit Court.

1. Infants—Necessaries—Attorneys'Fees.—An attorney who renders legal services of value to an infant in pending litigation is entitled to a reasonable fee for his services upon the ground that such services are to be treated as necessaries for which the infant may be required to pay a reasonable compensation.

2. Guardian Ad Litem—Compensation—Practice.—The fee, under Section 38 of the Civil Code, allowed a guardian ad litem for rendering defensive services in behalf of an infant should be taxed as costs and paid by the plaintiff.

3. Guardian Ad Litem—Compensation of—Insolvency of Plaintiff.—If, however, the plaintiff is insolvent, or if for any reason the fee allowed the guardian ad litem cannot be collected from the plaintiff, the court, upon a proper showing, should make such orders as may be necessary to enable the guardian ad litem to recover from the infant the fee allowed, and this fee, if paid by the infant, he may thereafter recover from the plaintiff, if it can be done.

4. Guardian Ad Litem—Allowance Should Be Made in Case in ·Which He Was Appointed.—The allowance to the guardian ad litem should be made in the suit in which he was appointed and to which the plaintiff, who must pay the fee, was a party, as the plaintiff has a right to be heard on the question of allowance.

5. Guardian Ad Litem—Allowance to—Practice When Plaintiff is Insolvent—Attachment.—When it is shown that the plaintiff is insolvent, the court should make such orders as may be necessary to secure to the guardian ad litem the payment of his fee out of any estate of the infant that is subject to the orders of the court, and if it happens that when the allowance is made the infant has arrived at age, the guardian may be permitted, when the plaintiff is insolvent and the fee must be paid by the infant, to obtain an attachment as in other cases.

6. Guardian Ad Litem—Allowance to When Case is Off Docket.—When the case in which the guardian ad litem was appointed has gone off the docket before the allowance is made, it may, on motion of the guardian ad litem, after notice to the plaintiff and the infant, be reinstated on the docket for the purpose of having the allowance made.

R. S. ROSE for appellant.

STEPHENS & STEELY for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Granville J. Siler brought a suit against John Jones and his infant daughter, Bertha Jones, in the Whitley Circuit Court to recover a tract of land. R. L. Pope, the appellant, was appointed by the court as guardian *ad litem* to represent the interest of the infant defendants. A short time after this Pope entered into a written contract with John Jones and Bertha Jones by which they agreed to pay him for his services a certain fee of $25 and a contingent fee equal to 50 per cent of the value of the land in controversy. It appears that in this suit the Jones' were successful, and, after it had been finally decided, Pope brought this suit against John Jones and his daughter, Bertha, now Lyttle, seeking to recover from them a fee of $250 for his services in the Siler suit, and asked that he be given a lien on the land in controversy in the Siler suit to secure the payment of his fee.

To this suit Bertha Jones filed an answer in which she relied on her infancy as a bar to the recovery of any fee against her.

It appears that afterwards the case went to trial before a jury, and the court directed a verdict in favor of Bertha Jones, presumably on the theory that her infancy was a complete defense to the action.

After Bertha Jones had been in this way discharged from liability on account of the cause of action sued on, Pope moved the court to allow him a fee of two hundred dollars for his services as guardian *ad litem*. This motion the court overruled, and Pope prosecutes this appeal from the orders and rulings of the trial court refusing him any relief against Bertha Jones, and also for discharging as to her an attachment that he had obtained and which was levied upon her interest in the land.

The record is in a rather confused condition, but we think that the relief Pope is entitled to against Bertha Jones, now Lyttle, grows out of his employment as guardian *ad litem* to represent her in the Siler suit. It is true that after this appointment was made and accepted he made a contract with her and her father stipulating the fee he should receive for representing them in the action, but this contract, under the circumstances of this case, was not binding upon Bertha Jones on account of her infancy, nor did it affect the duty Pope was under to fully represent her interest under his appointment by the court.

It may be conceded that an attorney who renders legal services of value to an infant in pending litigation, independent of any appointment by the court, is entitled to a reasonable fee for his services, upon the ground that such services are to be treated as necessaries for which an infant may be required to pay a reasonable compensation. Munson v. Washbank, 31 Conn., 303; 83 Am. Dec., 151; Craft v. Carr, 24 R. I., 397, 96 Am. St. Rep., 721, 60 L. R. A., 128; 22 Cyc, 592.

But we do not think this principle has any application to the facts of this case, because Pope accepted the office of guardian *ad litem,* and, under the direction of the court, represented the infant, and his compensation, under this direction, is regulated by sec. 38, subsection 4, of the civil code, providing that "The court shall allow to the guardian *ad litem* a reasonable fee for his services, to be paid by the plaintiff and taxed in the costs. The affidavit of such guardian or of another person, or other competent evidence, is admissible to prove the services rendered, but not to prove their value. The court must decide concerning such value, without reference to the opinions of parties or other witnesses."

It appears in the Siler case that Pope did render services of value to the infant, and for these services he was entitled to a reasonable compensation, to be fixed by the court in the manner provided in the section of the code quoted. It will be observed that this section provides that the fee allowed the guardian *ad litem* shall be paid by the plaintiff and taxed in the costs, but this does not mean that if the plaintiff is insolvent, or if for any reason the fee allowed the guardian *ad litem* for his services cannot be collected from the plaintiff, that he shall not receive anything, although the infant whom he represented may be able to pay a reasonable fee. The fee, in cases like this where the service is rendered in defeating a claim asserted by the plaintiff against the infant, is primarily to be paid by the plaintiff, but if the plaintiff is insolvent, or the fee for any reason cannot be collected from him, then the court, upon a proper showing, should make such orders as may be necessary to enable the guardian *ad litem* to recover from the infant the fee allowed. This fee, if paid by the infant, he may thereafter recover from the plaintiff, if it can be done.

It is manifest, however, that the court should make the allowance to the guardian *ad litem* in the suit in which he was appointed, and to which the plaintiff, who must pay the fee, was a party, as the plaintiff has a right to be heard on the question of the allowance. Staggenborg v. Bailey, 118 Ky., 301. Siler was not a party to the present suit by the guardian *ad litem* to recover his fee from the infant, and this being so, would not be bound by any allowance that the court might make, and for this reason we think the lower court properly ruled that Pope could not in this action recover the fee he was entitled to be paid as guardian *ad litem*. It is said that Siler is now insolvent, but this does not alter the practice that when the fee is allowed by the court it shall be taxed as costs against the plaintiff, although the infant may have it to pay, because the infant should have an apportunity to hereafter collect the fee from Siler, if it can be done.

To put it in other words, where a guardian *ad litem* is appointed by the court and renders defensive services entitling him to more than the nominal fee allowed by the statute, the court making the appointment should, after the litigation has been ended and the fee to which the guardian *ad litem* is entitled can be ascertained, fix the same and order it to be taxed as costs against the plaintiff, whether the plaintiff be solvent or insolvent. When the fee is thus allowed, the court should, upon motion, after being satisfied that the plaintiff is insolvent, and that the fee cannot be collected from him, make such orders as may be right and proper to enable the guardian *ad litem* to collect his fee from the infant whom he represented.

We are further of the opinion that when it is shown that the plaintiff is insolvent, the court should make such orders as may be necessary to secure to the guardian *ad litem* the payment of his fee out of any estate of the infant that is subject to the orders of the court. And if it happens, as is the case here, that the infant, when the allowance to the guardian *ad litem* is made, has arrived at age, the guardian may be permitted, when the plaintiff is insolvent and the fee must be paid by the infant, to obtain an attachment as in other cases, if he can make under appropriate pleadings such a showing as will entitle him to have such an attachment under the code provisions authorizing attachments.

It follows from these views that the remedy of the guardian *ad litem,* Pope, is to have the case of Siler v. Jones re-instated on the docket, after reasonable notice to Siler and Bertha Jones, now Lyttle, and when this is done he may move the court to allow him a reasonable fee for his services. And, upon this motion, the court should make such allowance as seems right and proper.

The judgment is affirmed.