## Lacey's Executrix v. Lacey, et al.

(Decided June 6, 1916.)

### Appeal from Simpson Circuit Court.

1. Infants—Guardian Ad Litem—Appeal.—The duties of a guardian ad litem do not terminate with the rendition of a judgment in the trial court; he may, when he thinks it to be to the interest of the infant defendant, take an appeal therefrom, and his duties continue until the final determination of the case, unless removed by the court, or terminated by the arrival of the infant at the age of majority.

2. Infants—Guardian Ad Litem—Allowance.—The allowance to a guardian ad litem for the services rendered by him in the circuit court and in the Court of Appeals must be made by the court where he was appointed.

3. Infants—Guardian Ad Litem—Services—Affidavits.—Under subsection 4 of section 38 of the Civil Code of Practice, the affidavit of the guardian ad litem, or of another, or other competent evi-

dence, is admissible to prove the services rendered, but not to prove their value.

4. Infants—Guardian Ad Litem—Fee.—In fixing the fee to be paid a guardian ad litem, if either party asks it, the court should require the parties to take their proof as in other cases in order that the witnesses may be cross-examined.

GEORGE C. HARRIS and G. T. FINN for appellant.

E. S. BRADSHAW for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER.—
Overruling motion of guardian *ad litem* for a fee.

This case involving a construction of the will of R. H. Lacey, deceased, was lately decided by this court 170 Ky. 166.

C. S. Bradshaw was appointed guardian *ad litem* for the infant defendants, Elizabeth and George Lacey, by the circuit court. He represented the infants in that court and upon the appeal, and now moves this court to allow him a reasonable fee as guardian *ad litem* for the infants represented by him in this case. In support of his motion he filed the affidavits of J. J. Milliken and C. E. Evans, attorneys, to the effect that each of them regards $500.00 as a reasonable fee for the guardian *ad litem*.

The motion does not restrict the fee asked to the services rendered by the guardian *ad litem* in this court, but contemplates an allowance for the services of the guardian *ad litem* in both courts.

The guardian *ad litem* has, however, mistaken his forum. It has been repeatedly decided by this court that in cases of this character an allowance to the guardian *ad litem* for the services rendered by him in the entire case must be made by the court wherein he was appointed.

In Stoggenborg v. Bailey, 118 Ky. 304, the court defined the duties of a guardian *ad litem* and the procedure for making an allowance for his services, in the following language:

"The duties of a guardian *ad litem* do not terminate with the rendition of a judgment in the trial court, but he may, when he thinks it to be to the interest of the infant defendant, take an appeal therefrom, and his duties continue until the final determination of the cause, unless removed by the court, or terminated by the arrival of the infant at the age of majority. See 15 Am. & Eng. Ency. of Law 15; Reed, etc. v. Louisville Bridge Co., 1 Ky. 69;

Hussey v. Sargent, etc., 116 Ky. 53, 75 S. W. 211, 25 Ky. Law Rep. 315. And there was no final determination of the litigation until the mandate of affirmance from this court was filed in the circuit court. In many states of the union the allowance to the guardian *ad litem* is made by the court wherein the services were rendered. But in this state it has been expressly decided that the allowance to a guardian *ad litem* for the services rendered by him in the entire case must be made by the court wherein he was appointed."

.Similar rulings were made in Robinson v. Fidelity Trust & Safety Vault Co., 11 Ky. L. R. 313, 11 S. W. 806; Williams v. Williams, 24 Ky. L. R. 1753, 72 S. W. 271; American Machine Co. v. Page, 148 Ky. 308.

Moreover, under subsection 4 of section 38 of the Civil Code of Practice, the affidavits tendered are not competent evidence upon this issue. That section provides that the affidavit of the guardian *ad litem,* or of another, or other competent evidence, is admissible to prove the services rendered, but not to prove their value, and that the court must decide concerning such value without reference to the parties or other witnesses. There is no affidavit filed showing the services rendered by the guardian *ad litem.* ·

Furthermore, if either party asks it, the court should require the parties to take their proof as in other cases in order that the witnesses may be cross-examined.

Motion overruled.