**John Charles GOLDFUSS, Jr., Appellant,**

v.

**John Charles GOLDFUSS and Mary Lee Goldfuss, Appellees.**

Court of Appeals of Kentucky.

May 20, 1977.

Discretionary Review Granted
Oct. 4, 1977.

Gerald T. Ashcraft, Covington, for appellant.

William I. Bubenzer, Covington, for appellees.

Before REYNOLDS, HOWERTON and HAYES, JJ.

REYNOLDS, Judge.

Guardian ad litem for appellant, one year old infant, appeals to set aside judgment of adoption.

The appellees are the adopting parents, John Charles Goldfuss and his wife, Mary Lee Goldfuss; Department of Child Welfare, Commonwealth of Kentucky, and Catholic Social Service Bureau, Diocese of Covington, the agency to which the infant had been committed for placement for adoption by a previous order and judgment of Kenton Circuit Court.

■ The appellant has alleged that the court lacked jurisdiction and that the petition for adoption did not allege, as required by KRS 447.010(24), the mailing address of each petitioner. Appellant cites no authority as to what constitutes a mailing address. We find upon the face and within the caption of the petition for adoption the names of the petitioners, accompanied by a specific number, a specific street, a specific city, a specific state and a specific United States zip code mailing number. The Transcript of Evidence supports that the petitioner's residence includes and is the same as their mailing address.

■ Error is alleged for failure to file orders of consent of termination of parental rights at the time of the filing of the petition for adoption. The appellant correctly points out that the documents terminating the parental rights were not filed with the adoption petition, and this issue was properly raised in the report of the guardian ad litem. However, an order terminating the parental rights and an order of judgment were entered and recorded in Kenton Circuit Court, and such order was duly entered and filed in this adoptive action prior to the judgment of adoption.

■ Appellant states that the infant's natural father may be a necessary party to this action. All parties, during the pendency of this action, have determined by an examination of the adoptive records that the natural mother's maternal rights have been terminated. Without contradiction the record contains a sworn affidavit of the father's consent to adoption. In this instance we do not find that this action comes within the broad purview of *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972).

We foresee in this state the disconcerting reaction occasioned by *Stanley v. Illinois, supra,* and while the paramount criterion is "the thread that runs so true must always be the welfare and best interests of the child," *Phillips v. Horlander*, Ky., 535 S.W.2d 72 (1975), it will follow that both supportive and legal measures to maintain this criterion will necessitate the termination of either a legitimate or putative father's rights prior to the adoption of either a legitimate or illegitimate child.

■ In this appeal, and for the first time, the guardian ad litem raises the lack of notice of the hearing. A hearing on the petition was conducted in chambers on August 20, 1976. The guardian was not notified within the time required by KRS 199.-515. The Transcript of Evidence reveals that the guardian ad litem was present and participated in the hearing. No objection to the proceeding is recorded by the guardian, nor do we find any proceeding to vacate or modify the trial court's order. Without a showing of any prejudice, we deem any lack of notice to have been waived.

The judgment of the lower court is affirmed, and the guardian is commended for his diligence and persistency which culminated in the perfecting of a valid judgment of adoption.

All concur.