MONTGOMERY WARD LIFE INSURANCE CO., Appellant,

v.

Glenna Mae ROBBINS, Appellee.

Court of Appeals of Kentucky.

Jan. 6, 1978.

William A. Watson, Middlesboro, for appellant.

J. C. Helton, Gerald L. Greene, Helton & Greene, Pineville, for appellee.

Before HAYES, HOWARD and WILHOIT, JJ.

HOWARD, Judge.

This is an appeal from the Bell Circuit Court wherein a jury trial was had and the jury awarded plaintiff-appellee, Glenna Mae Robbins, the proceeds of a life insurance policy issued on the life of her deceased husband by defendant-appellant, Montgomery Ward Life Insurance Company.

The issue on this appeal concerns the refusal of the trial court to direct a verdict on the issue of suicide in favor of defendant-appellant.

Plaintiff-appellee, Glenna Mae Robbins (hereinafter referred to as Mrs. Robbins) sued to recover from defendant-appellant, Montgomery Ward Life Insurance Company (hereinafter referred to as the Insurance Company), on a policy of insurance which contained an exclusion clause which reads in part as follows:

The policy does not cover any loss caused by or resulting from:

1. Intentionally self inflicted injury or suicide, while sane or insane; . .

There were no eyewitnesses to the shooting. Mrs. Robbins testified that on September 23, 1974, she was in the barn near her home when she heard a shot from the direction of the house. She went to the house when her children screamed, and found her husband on the floor in the children's bedroom. The decedent died of a wound in the right temple which had been inflicted by a .20 gauge shotgun fired at

close range. He was clad only in his undershorts.

Mrs. Robbins testified that the reason her husband might have gotten his gun was to shoot over the heads of stray dogs. She testified that her husband had a chronic ear disorder which caused dizziness and fainting spells. Her husband had fractured his left arm a few months prior to his death during one of the dizzy spells. The arm was still causing the decedent pain and he suffered from a partial loss of movement. Mrs. Robbins testified that her husband was an expert with guns, always kept his guns loaded, and that this gun was equipped with a "hair" trigger.

The decedent received a total disability pension from the Veterans Administration, based on a psychoneurosis dating from World War II. The decedent's family physician, who had treated him since 1949, stated that the decedent suffered from emotional problems. The doctor stated that the decedent suffered from chronic severe depression and that he had been prescribed antidepressants. Mrs. Robbins stated that her husband had not taken his medicine that day, to her knowledge.

Another doctor, who had treated the decedent the day before his death, testified that the decedent seemed to be very agitated. This doctor testified also that the decedent was taking an above average dosage of medication. He also testified that failure to take the medication could make a person become more depressed.

Mrs. Robbins also relies on the facts that the decedent left no suicide note; that the gun still contained two shells which could have injured her two children had the hair trigger been pulled; and that the decedent had a $1200 per month tax free income with no financial worries. These facts lend credence to the presumption against suicide, but prove nothing.

■ If, when all the evidence on both sides has been heard, reasonable men may differ on the conclusion to be drawn, the question should be one for the jury; otherwise, the clear conclusion is a matter of law, one way or another. *Lee v. Tucker*, Ky., 365 S.W.2d 849 (1963).

In *Commonwealth Life Insurance Company v. Hall*, Ky., 517 S.W.2d 488 (1974), the court makes this statement on page 494 concerning the presumption against suicide:

> . . . In other words, if without the presumption the evidence upon the whole case, with all the inferences that may reasonably be drawn from it, affords no substantial basis for concluding the death was accidental, but does provide a basis upon which the jury could reasonably find that it was a suicide, the jury cannot be permitted to find it was accidental.

■ In the present case, the decedent had a gun shot wound in his right temple. There is medical testimony to the effect that he suffered from chronic depression. There is no testimony that he had recently been having dizzy spells. Rather some months previously he had suffered a dizzy spell and broken his left arm. A doctor, who had attended the decedent the day before his death, testified that the decedent seemed agitated. This must be contrasted with the theory presented by Mrs. Robbins that her husband was shooting at stray dogs; suffered a dizzy spell; and accidentally shot himself.

We feel that the jury should not have been allowed to find that the decedent's death was accidental. We reverse and remand this case to the trial court with directions to enter a judgment n. o. v. for the Insurance Company.

HAYES, J., concurs.

WILHOIT, J., dissents.

WILHOIT, Judge, dissenting.

I respectfully dissent from the majority opinion in this case. It seems clear to me that the evidence here would support a verdict of accidental death aside from the presumption against suicide. If that is true, then under the rule laid down in *Commonwealth Life Insurance Co. v. Hall*, cited by the majority, there is a question for the jury.

In addition to the evidence discussed in the majority opinion there was also evidence that at the time the decedent was shot stray dogs were "after the coon dogs." Further there was evidence that he was a very meticulous man, planning in detail every undertaking, but he left no suicide note. He was shot while in his children's bedroom and not his own which he had left to get the gun. Taking all of the facts in this case, they do indeed, as the majority states, "lend credence to the presumption against suicide," which I take to mean that the facts are supportive of a claim of accidental death. What these facts may or may not provide is up to the jury and it decided that the death was not a suicide. The judgment of the trial court should be affirmed.