John Charles GOLDFUSS, Jr., a minor Under the Age of 14 and Gerald T. Ashcraft, Guardian Ad Litem, Appellants,

v.

John Charles GOLDFUSS and Mary Lee Goldfuss and Catholic Social Service Bureau Diocese of Covington, Appellees.

Court of Appeals of Kentucky.

Dec. 12, 1980.

---

Amos H. Eblen, Lexington, Gerald T. Ashcraft, Covington, for appellants.

John M. Richard, Jr., William D. Hillmann, Covington, for appellees.

Before HOGGE, WHITE and LESTER, JJ.

HOGGE, Judge.

In this proceeding Gerald T. Ashcraft appeals from an order of the Kenton Circuit Court overruling his motion to fix compensation for his services as a guardian ad litem in an adoption proceeding. Ashcraft contends that the $15.00 fee allowed him pursuant to a general order of the circuit court was not a reasonable fee.

Ashcraft was appointed guardian ad litem to represent an infant being adopted. The child's mother had voluntarily terminated her rights to the child. However, a consent to adoption signed by the child's natural father was not properly notarized and he was not made a party to the termination proceedings. Thus, his rights were not legally terminated. Ashcraft, the guardian ad litem, after unsuccessfully presenting this and other defenses to the adoption to the circuit court, appealed the case to the Court of Appeals. The circuit court judgment was affirmed. *Goldfuss v. Goldfuss*, Ky., 556 S.W.2d 159 (1977).

He then pursued an appeal to the Supreme Court of Kentucky. In an opinion which commended the guardian ad litem for rendering "invaluable, faithful service to promote the best interest of the child," the Supreme Court held the judgment of adoption invalid. The Court stated that "it is better to face the prospect that this legitimate child now appears to have two legal fathers than to attempt to deal with the problem years from now when intervening events would doubtless make the trauma all the more unendurable." *Goldfuss v. Goldfuss*, Ky., 565 S.W.2d 441 (1978).

The motions filed by Ashcraft and the affidavit accompanying them indicate that Ashcraft has expended a total of 74½ hours and $30.15 of his own money in pursuing this case. It is the contention of the appellees that Ashcraft fully discharged his duty as a guardian ad litem when he pursued an appeal in the Court of Appeals. Appellees assert that any further motions and appeals exceeded his duty, and must be at his own expense, as the interest of the infant had been served when the Court of Appeals affirmed the adoption order. In support of this contention, appellees cite *Staggenborg v. Bailey*, 118 Ky. 301, 304, 80 S.W. 1109 (1904) in which the Court of Appeals stated:

> The duties of a guardian ad litem do not terminate with the rendition of a judgment in the trial court, but he may, when he thinks it to be to the interest of the infant defendant, take an appeal therefrom, and his duties continue until the final determination of the cause.

Appellees contend that under this decision, there is but one permissive appeal, and that the circuit court properly allowed $15.00 in attorney's fees pursuant to KRS 453.-060(1)(a) and (b).

■ Two provisions govern the matter of fees for a guardian ad litem. KRS 453.-060(2) states that a guardian ad litem "shall be allowed by the court a reasonable fee for his services, to be paid by the plaintiff and taxed as costs." CR 17.03 contains a very similar wording. "The court shall allow the guardian ad litem a reasonable fee for his services, to be taxed as costs." In view of the circuit court's award of a $15.00 fee and his statement in the order of August 21, 1978, that he believed his court to be lacking in authority to award fees on counsel's motion, we believe that the circuit court may have been under the misapprehension that he was limited in the award of fees to compensate the guardian ad litem to the sums fixed by KRS 453.060(1). We do not believe he was so limited, as the fee to be awarded is governed by Section 2 of KRS 453.060, and by CR 17.03, which call for "a reasonable fee."

■ We also conclude that *Staggenborg v. Bailey, supra,* decided prior to the creation of a double-tiered appellate court system in Kentucky, cannot be cited for the proposition that only one appeal is to be instituted by a guardian ad litem. The obligation of a guardian ad litem is "to stand in the infant's place and determine what his rights are and what his interests and defense demand. Although not having the powers of a regular guardian, he fully represents the infant and is endowed with similar powers for purposes of the litigation in hand." *Black v. Wiedeman,* Ky., 254 S.W.2d 344, 346 (1953). Accordingly, we believe that the powers and obligations of a guardian ad litem encompass an appeal to Kentucky's highest court, if the interests of the infant require it. In this case, the Supreme Court has specifically stated that the appeal promoted the best interest of the child.

■ As to the fee awarded by the circuit court, the only reasonable conclusion which can be drawn is that $15.00 is an inadequate fee for the hours of labor involved in handling a case through the circuit court, Court of Appeals and Supreme Court levels, an endeavor which appellant alleges involved over 74 hours of work. *Montgomery Ward Life Insurance Co. v. Robbins,* Ky.App., 572 S.W.2d 163 (1978). The determination of what would be a reasonable fee should be made by the circuit court, taking into consideration such factors as, "the character of the litigation, the rights in controversy, the nature, duration and extent of the services, and the responsibility, industry, diligence and accomplishment of the guardian ad litem." *Black v. Wiedeman, supra,* at 347. We hold that the circuit court erred in overruling appellant's motion for the fixing of a fee for his services as guardian ad litem.

The order of the Kenton Circuit Court is reversed and the case is remanded for further proceedings consistent with this opinion.

All concur.