Joe JAMES; Judy James, His Wife; Chuck Hadley; Gwen Hadley, His Wife; Wayne Steger; Sabrine Steger, His Wife, Appellants,

v.

William L. SHADOAN, Special Judge, McCracken Circuit Court, Appellee,

and

Mark D. Pierce, Guardian ad Litem for Michael Carneal, Real Party in Interest.

No. 2001–SC–0195–MR.

Supreme Court of Kentucky.

Oct. 25, 2001.

Mike Breen, Kerry Sigler Morgan, Mike Breen, P.S.C., Bowling Green, Counsel for Appellants.

William L. Shadoan, pro se.

Mark D. Pierce, Paducah, Counsel for Real Party in Interest.

JOHNSTONE, Justice.

Appellants appeal from an order of the Court of Appeals denying their petition for a writ of prohibition. Appellants seek to prohibit the McCracken Circuit Court from enforcing its order allowing Mark Pierce a fee for his service as guardian ad litem for Michael Carneal. We conclude that Appellants have an adequate remedy by appeal. Therefore, we affirm.

On December 1, 1997, Michael Carneal shot and killed three girls at a Paducah, Kentucky high school. He was fourteen years old at the time. Appellants—the parents of the slain girls—filed a civil action against Carneal and others in the McCracken Circuit Court. As required by applicable statutes and civil rules, the trial judge appointed a guardian ad litem (Pierce) for Carneal.

Except for Carneal, all defendants in the suit were eventually dismissed. The trial court entered a Forty-two Million Dollar judgment against Carneal on August 4, 2000. Twelve days later, on August 16, 2000, Pierce filed a motion for allowance of a guardian ad litem fee. On September 5, 2000, the trial court entered an order granting Pierce a fee of over Twenty-eight Thousand Dollars. On December 8, 2000, the trial court issued an order requiring Appellants to show cause why they should not be held in contempt and punished for failing to pay the guardian ad litem fee to Pierce as previously ordered. Appellants then filed a petition in the Court of Appeals to prohibit the trial court from enforcing its show cause order. The Court of Appeals denied the petition and this appeal followed as a matter of right.

 A writ of prohibition is an extraordinary remedy and should only be granted in exceptional circumstances. *Bender v. Eaton*, Ky., 343 S.W.2d 799, 800 (1961). As a general rule, in order to be entitled to such relief a petitioner must show that he or she has no adequate remedy by appeal or otherwise, *and* either: (1) the court below is acting without or beyond its jurisdiction; or (2) he or she will suffer great and irreparable injury if the court below is acting in error and relief is not granted. *See id.* at 800–01; *Kentucky Labor Cabinet v. Graham*, Ky., 43 S.W.3d 247, 251 (2001).

### ADEQUATE REMEDY BY APPEAL

 The trial court did not hold a hearing on the issue of Pierce's guardian ad litem fee. Rather, it simply entered an order granting the fee. Appellants allege that this was in error. They claim that

failure to hold a hearing denied them the opportunity to challenge the reasonableness of the fee. Further, they argue that this summary procedure denied them the opportunity to build a sufficient record from which to appeal. Thus, Appellants argue that they do not have an adequate remedy by appeal because the failure to hold a hearing denied them the ability to present an appellate court with a complete record from which it could fairly and accurately review the trial court's ruling. But this argument incorrectly presupposes that Appellants do not have the right to allege on appeal that the trial court erred by failing to hold a hearing on the question of Pierce's fee for his services rendered as Carneal's guardian ad litem.

An appeal can be taken from the award of a guardian ad litem fee in order to review the amount and reasonableness of the fee. *See, e.g., Black v. Wiedeman,* Ky., 254 S.W.2d 344 (1952); *Goldfuss v. Goldfuss,* Ky.App., 609 S.W.2d 696 (1980). While these cases were appealed by the guardian ad litem who challenged the amount of the fee, an appeal also can be brought by the underlying plaintiff against whom a guardian ad litem fee was assessed as a court cost. *See Delehanty v. Kahn,* Ky., 446 S.W.2d 553 (1969). We see no reason why Appellants' allegation of error—that the trial court erred by not holding a hearing on the calculation and assessment of a guardian ad litem fee[1]—cannot be raised on direct appeal. Nor do we see any reason why an appellate court could not fashion an adequate remedy, *e.g.,* a remand for a hearing, if it concludes that the trial court erred in not conducting a hearing. Therefore, we hold that Appellants have an adequate remedy on appeal.

As Appellants fail to show that they do not have an adequate remedy by appeal, we need not reach the merits of Appellants' assignment of error. Nor do we need consider Appellants' arguments that the trial court was acting outside its jurisdiction and its alleged erroneous action will cause them irreparable harm if relief is not granted.

### SANCTIONS

Finally, we address Pierce's motion for a reasonable fee and CR 11 sanctions. Apparently, Pierce's motion for a reasonable fee is based on his service as guardian ad litem. But Pierce's participation in this case is solely to protect his own rights and interests, and not Carneal's. Further, a motion for a guardian ad litem fee "must be made by the court wherein he was appointed." *Lacey's Ex'x v. Lacey,* 170 Ky. 625, 186 S.W. 501, 502 (1916), quoting *Staggenborg v. Bailey,* 118 Ky. 301, 80 S.W. 1109 (1904). Thus, we deny Pierce's motion for a fee. Next, Pierce asks us to consider imposing CR 11 sanctions. We have considered the request and conclude that sanctions are not appropriate in this case.

For the reasons set forth above, we affirm the Court of Appeals and deny Pierce's motions for fees and CR 11 sanctions.

All concur.

---

1. This appears to be an issue of first impression, though there is authority indicating that such a hearing is required *if requested by the underlying plaintiff against whom the fee is* assessed. *See Lacey's Ex'x v. Lacey,* 170 Ky. 625, 186 S.W. 501, 502 (1916); *Pope v. Lyttle,* 157 Ky. 659, 163 S.W. 1121, 1122 (1914).