Ronald L. HORN, Appellant

v.

Hon. Diana WHEELER, Judge,
Oldham District Court,
Appellee

and

National City Bank of Kentucky,
Real Party in Interest.

No. 2005–CA–000453–MR.

Court of Appeals of Kentucky.

Dec. 2, 2005.

Ronald L. Horn, Eddyville, KY, for appellant.

Thomas R. Myers, Cincinnati, OH, for appellee National City Bank, Real Party in Interest.

Before COMBS, Chief Judge; HENRY and SCHRODER, Judges.

## OPINION

COMBS, Chief Judge.

This is an appeal from an order of the Oldham Circuit Court denying a petition for a writ of mandamus sought by the appellant, Ronald L. Horn, an inmate of the Kentucky State Penitentiary in Eddyville. The issue presented is whether the circuit court erred in declining to require by writ that the district court appoint counsel for Horn pursuant to the provisions of Kentucky Rules of Civil Procedure (CR) 17.04(1). We affirm.

On June 18, 2001, Horn was served with a summons and a complaint naming him as the defendant in a district court action to collect a debt. After being served with the complaint, Horn, acting *pro se,* filed a timely answer denying the amounts that the plaintiff, National City Bank of Kentucky, claimed that he owed. He also asserted various other defenses.

On September 4, 2003, the bank filed a motion for summary judgment. Horn did not respond. Twenty days later, the district court granted the bank's motion and entered judgment against Horn in the amount of $2,026.30—plus interest, costs, and attorney fees.

Approximately six months later, on March 22, 2004, Horn filed a motion with the district court seeking to "arrest" the judgment since a guardian *ad litem* had not been appointed on his behalf pursuant to the provisions of CR 17.04.[1]

The bank argued that Horn had "defended the action" by filing a timely and responsive answer to the complaint and that he was, therefore, not entitled to the appointment of counsel pursuant to the rule. Horn supplemented his motion for relief with another motion filed with the district court in August 2004. He again argued that the court had a duty to appoint a guardian *ad litem* for him before rendering the judgment against him. It is unclear from the record how the court ruled on these motions.

On November 1, 2004, Horn filed an original action in the Oldham Circuit Court requesting that a writ of mandamus issue and that the district court be required to appoint him a guardian *ad litem* pursuant to the requirements of CR 17.04(1). On December 13, 2004, the Oldham Circuit Court entered its order denying the petition. This appeal followed.

A writ of mandamus is an exceptional remedy that is granted only under the most extraordinary circumstances. *James v. Shadoan,* Ky., 58 S.W.3d 884 (2001). The decision as to whether to issue a writ is always discretionary. *Hoskins v. Maricle,* 150 S.W.3d 1 (Ky.2004). The petition *may* be granted upon a showing: (1) that the lower court is proceeding or is about to proceed outside its jurisdiction and that there is no remedy through

---

1. CR 17.04(1) provides as follows:

"Actions involving adult prisoners confined either within or without the State may be brought or defended by the prisoner. If for any reason the prisoner fails or is unable to defend an action, the court shall appoint a practicing attorney as guardian ad litem, and no judgment shall be rendered against the prisoner until the guardian ad litem shall have made defense or filed a report stating that after careful examination of the case he or she is unable to make defense."

an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously (albeit within its jurisdiction), that there exists no adequate remedy by appeal or otherwise, and that great injustice and irreparable injury will result if the petition is not granted. *See Hoskins, supra.*

Horn conceded in his petition that the district court had exercised proper jurisdiction over the subject matter of the action. However, he asserted that the court had acted beyond the legitimate scope of its jurisdiction by failing to take the initiative *sua sponte* to appoint counsel for him pursuant to the provisions of CR 17.04.

■ Horn's appeal has several flaws. Most notably, he failed to file his petition for mandamus within a reasonable time. *See* 52 Am.Jur.2d *Mandamus* § 371 (2000). A review of the record indicates that Horn was quite adept in navigating his way through the courts. He has not shown that he was prevented from filing his petition with the circuit court on a timely basis, nor does he allege that he was otherwise unable to file his petition. He offers no excuse or justification for delaying more than a year following the entry of judgment against him. The circuit court was justified in refusing to entertain the petition on this basis alone.

■ Additionally, Horn has failed to establish the necessary prerequisites or conditions precedent to the issuance of a writ. The district court **did not act outside its jurisdiction** by refusing his request to stay the judgment. As a result, Horn was required to show that there was no ade-

quate remedy by appeal or otherwise and that without the writ there would be great injustice and irreparable injury. *See Grange Mutual Ins. Co. v. Trude,* 151 S.W.3d 803 (Ky.2004).

■ The judgment entered against Horn was subject to a timely appeal on his assertions that the requirements of the rules of civil procedure had not been properly followed and that his federal and state due process rights had been violated as a result. Because the right of appeal provided him with an adequate remedy for any alleged error, that avenue constituted his sole remedy, thus rendering the writ unavailable to him. Horn cannot show the existence of a "great injustice and irreparable injury." No unique injustice or injury can be said to result from the temporary loss of a judgment to which a litigant believes he is entitled pending the outcome of an appeal. *See The Independent Order of Foresters v. Chauvin,* 175 S.W.3d 610 (Ky.2005).

Since Horn has failed to establish his entitlement to a writ of mandamus, we need not reach the merits of his claim that the circuit court abused its discretion by denying the petition. Consequently, we affirm the order of the Oldham Circuit Court.

ALL CONCUR.