## Craven's Committee v. Tolin.

(Decided November 16, 1920.)

### Appeal from Boone Circuit Court.

1. Attorney and Client—Value of Services.—Attorney fees must be based upon the character of services rendered, the nature and importance of the litigation, the amount and value of the property in contest; the skill necessary to properly attend to the business, and consideration should be given to the professional standing and skill of the attorney.

2. Attorney and Client—Value of Services.—An allowance of $1,000.00 as attorney fee to a guardian ad litem in a case involving $12,000.00 or $13,000 in which he did good but not great or laborious service, is unreasonably large and should be reduced to $600.00.

EDGAR C. RILEY and BEN H. RILEY for appellant.

S. W. TOLIN and J. M. LASSING for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

This appeal challenges the reasonableness of a thousand dollars attorney fee allowed by the Boone circuit court to the guardian *ad litem* of Mrs. Jane A. Craven, a very old lady who, through age and infirm health, has become and been adjudged insane. Her husband, John T. Craven, died testate in 1914. Shortly thereafter she renounced the provisions of his will and elected to take under the statutes. He left an estate of about $50,000.00. After she had renounced the will in the way provided by law and before she had been adjudged insane, she undertook by another writing to renounce the renunciation. This we held she could not do on appeal to this court in the case of Craven v. Craven, reported in 181 Ky. 428. On the return of the case to the lower court an allowance of $1,000.00 as fee to S. W. Tolin, as guardian *ad litem*, was made over the objection and protest of the committee of Mrs. Craven and the committee prosecutes this appeal.

Under subsection 4, of section 38, Civil Code, it is made the duty of the court to fix the fee of a guardian

*ad litem* for services "without reference to the opinions of parties or other witnesses," but in fixing such fee the court must consider the character of the services rendered, the nature and importance of the litigation, the amount and value of the property in contest, the skill necessary to properly attend to the business, and consideration should be given to the professional standing and skill of the attorney.

Appellee Tolin was appointed guardian *ad litem* by the court after an affidavit had been filed showing that the committee of Mrs. Craven was making no defense to the proceeding to have the renunciation of the will withdrawn. It is admitted that Tolin was a regular practicing attorney of the Boone county bar and qualified to represent the committee, and that he did skillfully and properly manage the case and succeeded in saving to her some twelve or thirteen thousand dollars. He performed his full duty as guardian *ad litem* and there is no criticism whatever of the services performed. He filed a demurrer to the petition which was finally sustained. He also filed an answer and cross-petition on behalf of Mrs. Craven. To this answer and cross-petition a demurrer was filed and overruled. The plaintiffs stood upon their demurrer and appealed to this court. That judgment was affirmed. Appellee briefed the case in this court. The whole record is small and the actual services performed by Tolin were neither extensive nor over difficult, albeit, they were well and successfully performed.

It is the contention of appellants that a fee of $300.00 would be reasonable compensation to Tolin, but we can not agree with this, even though we are impressed with the idea that $1,000.00 was entirely too much and out of all proportion to the services rendered. While there is no fixed rule that can be laid down by which to measure attorneys' fees in such case, the outline of the matters, as set forth above, to be considered in determining the value of such services enables the court to do justice to both parties—the attorney as well as the litigant—and in applying this rule and following the outline we have come to the conclusion that a fee of $600.00 to Tolin as guardian *ad litem* would be full and fair both to him and to Mrs. Craven. This sum we are sure will amply pay Tolin for the services rendered, their nature, character and duration considered, and we do not feel that the committee should complain of this allowance in view of the fact that the services of the guardian *ad litem* saved to Mrs.

Craven practically twelve thousand ($12,000.00) dollars. The cases of Carnes v. Black, 185 Ky. 410; Irvine, et al. v. Stephenson, 183 Ky. 305; American Machine Co. v. Page, 148 Ky. 303, and Stucky v. Smith, 148 Ky. 401, fully sustain the conclusion here announced.

For the reasons indicated the judgment is reversed with direction to the lower court to enter a judgment for six hundred ($600.00) dollars as fee for Tolin as guardian *ad litem.*

Judgment reversed.