## Kreiger et al. v. Kreiger et al.

October 3, 1950.

As Extended on Denial of Rehearing December 5, 1950.

W. Scott Miller, Judge.

Albert F. Reutlinger for appellants.

Marvin J. Sternberg for appellees.

JUDGE HELM—Reversing.

The question presented here is the reasonableness of the $1500 fee fixed by the Chancellor for appellee Marvin J. Sternberg's services as warning order attorney.

In 1904 Bridget McDonough died testate, a resident of Louisville. By her will she devised certain real property to the Fidelity Trust Company in trust for her daughter, Tessie Kreiger, during her natural life, with remainder to the children of Tessie Kreiger living at her death, share and share alike. She also devised certain real property to the Trust Company in trust for her son, Robert E. McDonough, during his natural life, and provided: "* * * At the death of my said son, the property named in this clause shall go to any child or children which my said son may have surviving him. If my son should die without leaving any surviving children, then said property shall go to my daughter, Tessie Kreiger, for the term of her natural life, if she then be living, remainder to her surviving children. If my said daughter is not living at the death of my said son, then said property shall go to the surviving children of my said daughter, share and share alike."

The son predeceased his sister, without issue or descendants. Tessie Kreiger is now dead. She had four children; a son, John E. Kreiger, who predeceased his mother, leaving as his only issue and heir at law appellee Joan Kreiger, an infant over the age of 14, and three

other children—the appellants Stewart Kreiger, Mary Z. Paul, and Tessie C. Pearce.

Under the will of Bridget McDonough the question as to whether or not the testatrix intended her great-grandchildren to benefit by the terms of her will, or only such of her grandchildren as were "living at the death" of Tessie Kreiger or were her "surviving children," was presented.

To settle the title to the property this declaratory judgment action was filed in the Jefferson Circuit Court. Appellee Joan Kreiger, a great-grandchild of testatrix, is a nonresident infant. Honorable Marvin J. Sternberg was appointed warning order attorney for her. He advised appellee Joan Kreiger of the pendency of this action and filed his report as warning order attorney. The case was submitted on the pleadings and his report. The Chancellor adjudged that the "facts as presented in the record vests an undivided one-fourth interest in the defendant, Joan Kreiger, in and to any real estate located in the State of Kentucky passing under the terms of said will." This judgment was entered June 7, 1949. No appeal has been filed from this declaration of rights.

On August 17, 1949, appellee, as warning order attorney for the nonresident infant, Joan Kreiger, filed his motion for allowance of a fee for his services rendered in her behalf. He set out in his motion that he was appointed on February 3, 1949; that he notified the defendant of the appointment and of the nature and pendency of this action; that he made a detailed study of the will of Bridget McDonough; that after a careful study of the applicable law he concluded that Joan Kreiger was entitled to a one-fourth interest in the real estate of her great-grandmother; that he filed his report to this effect; that the case was heard orally by the Chancellor; that the value of the estate of testatrix is $29,028.27; that Joan is entitled to one-fourth of this amount or $7,257.07. The Chancellor allowed him $1500 for his services.

On September 15, 1949, appellants filed their motion to set aside the order of August 17, 1949, setting a fee for the warning order attorney. The affidavits of attorneys Albert F. Reutlinger, Lawrence S. Grauman,

Louis Seelbach, and Gavin H. Cochran were filed in support of the motion. The affidavits of attorneys Lovell M. Humphrey and Richard L. Drye were filed in behalf of the warning order attorney.

Mr. Reutlinger's affidavit sets out that he is attorney for appellants; that he prepared all the pleadings, except the report of the warning order attorney, and prepared the judgment; that before the oral hearing he furnished the warning order attorney with citation of authority, both for and against plaintiff's position; that the oral hearings, the only hearing before the court, consumed not more than 45 minutes; that the warning order attorney did not furnish the court any brief or memorandum other than his report.

Mr. Grauman stated that he had examined the record carefully, including the affidavit of the warning order attorney relative to his services, and that in his opinion $350 would be a reasonable fee for the services of the warning order attorney.

Mr. Seelbach stated that he had examined the record carefully, and that in his opinion $500 would be a fair and reasonable fee for the services of the warning order attorney.

Mr. Cochran stated that he had examined carefully the record and affidavit of the warning order attorney and took into consideration the following facts: (1) That appellants' attorney furnished the warning order attorney a list of authorities; (2) that the oral hearing consumed only approximately 45 minutes; and (3) that the principal purpose and result of this litigation was simply to get an authoritative determination by the court with respect to the title of the real estate involved, and that appellants acceded to and did not intend to appeal from the judgment of the Chancellor. In his opinion the sum of $300 would be a fair and reasonable fee.

Mr. Humphrey stated that Mr. Sternberg devoted "many hours in his office and in the Louisville Law Library in research of the law applicable to this case"; that he conferred with the attorney for appellants; that he discussed the case with other lawyers, including Mr. Humphrey; that Mr. Sternberg concluded that the infant appellee was entitled to one-fourth of the estate to be

distributed; that this was his duty because he was warning order attorney for an infant not represented in court by counsel. He did not suggest the amount that should be allowed.

Mr. Drye stated that Mr. Sternberg talked with him about the facts and circumstances of the case; that Mr. Sternberg spent much time in reading, studying and analyzing the applicable cases and treatises; that after his study and research he expressed the opinion that Joan was the owner of an undivided one-fourth interest in the property involved. Mr. Drye did not suggest the amount that should be allowed.

On September 19 the court overruled the motion to set aside the order of August 17, 1949. Appellants appeal, maintaining that the fee of $1500 is greatly in excess of fees allowed in similar cases.

Our Civil Code of Practice, section 59(6), providing for warning order attorneys, is: "The provisions of subsection 4 of section 38 apply with reference to the compensation of such attorneys." Civil Code, section 38(4), provides: "The court shall allow to the guardian ad litem a reasonable fee for his services, to be paid by the plaintiff and taxed in the costs. The affidavit of such guardian, or of another person, or other competent evidence, is admissible to prove the services rendered, but not to prove their value. The court must decide concerning such value, without reference to the opinions of parties or other witnesses."

In Craven's Committee v. Tolin, 189 Ky. 544, 225 S. W. 365, Mr. Tolin, an attorney appointed guardian ad litem for an aged widow adjudged insane, skillfully managed a case, in which it was sought to have a renunciation by the widow of rights under her husband's will withdrawn, so that approximately $12,000 was saved to the widow's estate. The guardian ad litem filed a demurrer to the petition, which was finally sustained. He also filed an answer and cross-petition on behalf of Mrs. Craven. To this answer and cross-petition a demurrer was filed and overruled. The plaintiffs stood upon their demurrer and appealed to this court. The judgment was affirmed. Appellee briefed the case in this court. Upon a return of the case to the lower court, the guardian ad litem was allowed $1,000. Upon appeal to this court his fee was reduced to $600.

Section 12 of the Canons of Professional Ethics of the American Bar Association provides:

"In fixing fees, lawyers should avoid charges which overestimate their advice and services, as well as those which undervalue them. * * *

"In determining the amount of the fee, it is proper to consider: (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause; (2) whether the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, * * * (3) the customary charges of the Bar for similar services; (4) the amount involved in the controversy and the benefits resulting to the client from the services; (5) the contingency or the certainty of the compensation; and (6) the character of the employment, whether casual or for an established and constant client. * * *" See Wilhoit v. Brown, 295 Ky. 732, 175 S. W. 2d 529; Martin v. Martin's Ex'rs, 311 Ky. 164, 223 S. W. 2d 345.

With the above rules in mind, and without reference to the amounts set out in the above affidavits, under all the facts and circumstances of this case we believe that $500 is a fair and reasonable allowance.

The judgment is reversed with direction to allow appellee Sternberg a fee of $500.